UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES D. KENNARD, M.D., ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-1247-G |
| INDIANAPOLIS LIFE INSURANCE COMPANY, ET AL., | ) | |
| | ) | **ECF** |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is a motion to dismiss filed by the defendant Silas I. Harrington ("Harrington" or "the defendant") for lack of personal jurisdiction and for insufficient service of process. For the reasons stated below, the motion is denied.

I. BACKGROUND

This case arises from the creation, solicitation and sale of a pension benefits policy that was subsequently categorized by the Internal Revenue Service as an abusive tax shelter. First Amended Complaint ("Complaint") ¶ 27. The plaintiffs, Charles D. Kennard, M.D., Charles D. Kennard M.D., P.A., and Charles D. Kennard, M.D., P.A. Defined Benefit Plan (collectively, "Kennard" or "the plaintiff"), named several individuals and entities as defendants and alleged various causes of action in connection with purchase of the benefits plan in question. The plaintiff's claims

against Harrington allege violations of the Texas Deceptive Trade Practices Act, negligent misrepresentation, common law fraud, aiding and abetting common law fraud, and civil conspiracy. These claims are based on a letter sent by Harrington from his office in California to Kennard, who was located in Texas. *See* Complaint ¶¶ 24, 51 & 64. It appears that, aside from this letter, Harrington has no other contacts with the state of Texas. On August 4, 2006, Harrington filed the instant motion to dismiss. Docket Sheet.

## II. ANALYSIS

The defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (5). Specifically, Harrington argues that the court does not have personal jurisdiction over him because he does not have sufficient minimum contacts with Texas and for him to be haled into court in Texas would offend traditional notions of fair play and substantial justice. Additionally, the defendant avers that the plaintiff did not effectuate sufficient service of process on Harrington because the plaintiff failed to comply with the Texas long-arm statute's provision for substitute service on a nonresident.

### A. Motion to Dismiss for Lack of Personal Jurisdiction

#### 1. *The Factual Standard: A* Prima Facie *Case*

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's

jurisdiction over the nonresident. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir. 1999). If the district court chooses to decide the matter without an evidentiary hearing, the plaintiff may meet his burden by presenting a *prima facie* case for personal jurisdiction. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592.

The court will take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in favor of the plaintiff. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592. In making its determination, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods. *Allred v. Moore & Peterson*, 117 F.3d 278, 281(5th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998); *Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165 (5th Cir. 1985).

2. *The Legal Standard*

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent that he would be amenable to the jurisdiction of a state court in the same forum. *Pedelahore v.*

*Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984). Applying state law, this court must first determine whether Texas, the forum state, could assert long-arm jurisdiction. *Id*. Because the Texas long-arm statute confers jurisdiction to the limits of the federal constitution, *Access Telecom, Inc. v. MCI Telecommunications Corporation*, 197 F.3d 694, 716 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000); *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984), the court need only concern itself with the federal due process inquiry. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Wilson*, 20 F.3d at 647 n.1; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.041 *et seq.* (Vernon 1997) (Texas long-arm statute).

3. *Due Process Requirements*

Due process requires the satisfaction of two elements to exercise personal jurisdiction over a non-resident defendant: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on his part such that the nonresident defendant could anticipate being haled into the courts of the forum state; and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Gulf Consolidated Services, Inc. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071, 1073 (5th Cir.), *cert. denied*, 498 U.S. 900 (1990). The Due Process Clause ensures that persons have a "fair warning that a particular activity may subject [them]

to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

a. Minimum Contacts

To establish minimum contacts with the forum, a nonresident defendant must do some act by which he "purposefully avails [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). However, the unilateral activity of one asserting a relationship with the nonresident defendant does not satisfy this requirement. *Burger King*, 471 U.S. at 474 (quoting *Hanson*, 357 U.S. at 253); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (citing *Kulko v. California Superior Court*, 436 U.S. 84 (1978); *Hanson*, 357 U.S. at 253). In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *Quill Corporation v. North Dakota*, 504 U.S. 298, 307 (1992).

Two types of *in personam* jurisdiction may be exercised over a nonresident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the

forum state and those contacts meet the due process standard. *J.R. Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 871 (5th Cir. 2000) (quotations and citations omitted). "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corporation v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted), *cert. denied*, 481 U.S. 1015 (1987). General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "continuous and systematic," even though the claim is unrelated to those contacts. *Helicopteros Nacionales*, 466 U.S. at 415-16.

Under either a specific or general jurisdiction analysis, however, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945)). The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (citations omitted). A plaintiff must establish a substantial connection between the nonresident defendant and the forum state. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992); *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 374

(5th Cir. 1987) (citing *Burger King*, 471 U.S. at 475 n.18; *McGee v. International Life Insurance Company*, 355 U.S. 220, 223 (1957)).

A court must consider all factors when making the purposeful availment inquiry -- "no single factor, particularly the number of contacts, is determinative." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982); see also *Coats v. Penrod Drilling Corporation*, 5 F.3d 877, 884 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994). When the underlying cause of action is based on an intentional tort, a single act by the defendant can be sufficient to establish personal jurisdiction if that act gives rise to the claim being asserted. *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001); see also *FCA Investments Company v. Baycorp Holdings, Ltd.*, 48 Fed. App'x 480 (5th Cir. 2002) (finding that in a claim for the intentional tort of fraud, a single phone call into the forum state is sufficient to establish personal jurisdiction where the content of that phone call was the subject matter of the fraud claim).

Because the plaintiff alleges only specific jurisdiction over Harrington, the court will examine the issue of personal jurisdiction only in relation to that allegation.

The factual basis for Kennard's claims against Harrington stem from a letter Harrington allegedly sent to Kennard containing certain representations regarding the pension benefit plan. Complaint ¶¶ 24, 51, 64. The record indicates that the plaintiff's underlying causes of action for violation of the Texas Deceptive Trade Practices Act and common law fraud stem from the contents of this single letter from Harrington to Kennard. The court finds that this letter containing the alleged misrepresentations is sufficient to satisfy the minimum contacts requirement for specific personal jurisdiction. See *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) ("[w]hen the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment").

The defendant argues that Kennard has not met his burden of establishing a *prima facie* case for personal jurisdiction. Specifically, Harrington avers that his affidavit, attached to the motion to dismiss, controverts the allegations in the plaintiff's complaint. *See* Defendant Silas I. Harrington's Reply to Plaintiff's Response to Defendant Silas I. Harrington's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Insufficient Service and Brief in Support Thereof ("Defendant's Reply") ¶¶ 3-5. According to the defendant, because Kennard did not submit an affidavit to rebut the statements in Harrington's affidavit, the plaintiff cannot rely on the allegations in his complaint to establish personal jurisdiction. *Id.* However, this argument appears to misconstrue the information

Harrington included in his affidavit. He admits in his affidavit that he drafted the letter in question and that the letter was sent under his signature. Affidavit of Silas I. Harrington ¶ 7, *attached to* Defendant Silas I. Harrington's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Insufficient Service and Brief in Support Thereof ("Motion to Dismiss") at Appendix 2. To this extent, Harrington's affidavit is consistent with the plaintiff's allegations included in the complaint. The only statement in Harrington's affidavit tending to controvert information in the complaint is Harrington's statement that he has "not committed any tort, in whole or in part, within the State of Texas." *Id*. ¶ 17. However, this is a conclusory statement of law and is insufficient to controvert the plaintiff's *prima facie case* as alleged in the complaint. See *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 804 (S.D.N.Y. 2005) (noting that when considering documents on a motion to dismiss the court will not "accept legally conclusory assertions").

b. Fair Play and Substantial Justice

The due process inquiry limits the court's power to exercise personal jurisdiction over a nonresident if the exercise of jurisdiction under the circumstances would offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In determining whether the exercise of jurisdiction violates traditional notions of fair play and substantial justice, the court evaluates the following factors: (1) the burden

on the defendant by having to litigate in the forum; (2) the forum state's interests in the lawsuit; (3) the plaintiff's interests in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of states in furthering fundamental social policies. *Wien Air Alaska, Inc.*, 195 F.3d at 215 (citing *Ruston Gas Turbines, Inc. v. Donaldson Company, Inc.*, 9 F.3d 415, 421 (5th Cir. 1993)); *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 292 (1980). It is Harrington's burden to show that, in light of these factors, conducting litigation in this court would be "so gravely difficult and inconvenient" that he would be at a "severe disadvantage" in comparison to the plaintiff. *Burger King*, 471 U.S. at 478 (citations omitted). Harrington's sole claim as to why the exercise of personal jurisdiction over him would violate traditional notions of fair play and substantial justice is the financial burden of litigating this case in Texas.

The court concludes that the monetary burden alone is not enough to defeat personal jurisdiction. See *Burger King*, 471 U.S. at 477 ("where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable"). While recognizing the cost of litigating this matter, which is inherent in Harrington being a nonresident, the court is of the opinion that the inconvenience to the defendant does not outweigh the plaintiff's interest in obtaining relief and the judicial system's interest in economy of time and

resources. No evidence has been presented to the court indicating that Harrington's burden of litigating in Texas will be any greater than Kennard's burden of litigating in Harrington's forum state. However, to deny personal jurisdiction in this case would force Kennard to litigate the same matter in two separate states and would subject the federal judiciary to duplicative proceedings. Additionally, there is the competing interest of the state of Texas in being able to protect its citizens from fraud and deceptive trade practices. See *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 814 (5th Cir. 2006) (weighing the forum state's interest in protecting its citizens from a tort as a factor in favor of finding personal jurisdiction).

Accordingly, the court finds that the plaintiff has met his burden in establishing specific personal jurisdiction over Harrington.

B. Motion to Dismiss for Insufficient Process

Federal Rule of Civil Procedure 4(e)(1) grants plaintiffs the ability to effectuate service of process in any manner permissible within the forum state. One such form of process provided by the Texas long-arm statute permits plaintiffs to sue persons who are not residents of Texas using substitute service through the Texas Secretary of State. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.026(a) (Vernon 1997). To avail oneself of the benefits of substitute service, the plaintiff must allege: (1) the Secretary of State is the agent for service on the nonresident; (2) the nonresident engaged in business in Texas; (3) the nonresident does not maintain a regular place of

business in Texas; (4) the nonresident does not have a designated agent for service of process; and (5) the lawsuit arises out of the nonresident's business in Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044(b). In federal courts applying the Texas service of process laws, the court is not restricted to the pleadings alone to determine if the prerequisites have been met. *Eyerly Aircraft Company v. Killian*, 414 F.2d 591, 603 (5th Cir. 1969) (rejecting the argument that *McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965), restricts the federal court's inquiry on service of process to the face of the complaint). Instead, federal courts can look beyond the pleadings to the record as a whole to determine if the state requirements for service have been met. *Id.* ("a necessary prerequisite [to the applicability of the Texas long-arm statute] is that the record affirmatively show that the corporation being sued 'does not maintain a place of regular business in this State or a designated agent upon whom service may be made,' but . . . *Erie* does not require us to say that this information must appear on the face of the pleadings"). Harrington challenges the plaintiff's use of substitute service, claiming that Kennard failed to show that Harrington was engaged in business within the state of Texas, that Harrington does not maintain a regular place of business in Texas, or that Harrington does not have a designated agent for service of process. Motion to Dismiss ¶ 23. The defendant also alleges that Kennard failed to demonstrate that the plaintiff's claim arises out of the defendant's business in Texas. *Id.*

While Harrington is correct that the complaint does not -- on its face -- demonstrate all of the elements necessary to effectuate substitute service through the Secretary of State, the record as a whole indicates that these prerequisites have been satisfied. With regard to Kennard's failure to aver that Harrington does not maintain a place of business in the State of Texas and that he does not have a designated agent for service of process, Harrington's affidavit supplies the required information. *See* Harrington Affidavit ¶¶ 9, 10. Furthermore, both the complaint and Harrington's own affidavit confirm that he performed at least some business in the state of Texas by directing the letter in question to the plaintiff. Thus, the court finds that requirements for substitute service of process have been satisfied.

III. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss for lack of personal jurisdiction and for insufficient service of process is **DENIED**.

**SO ORDERED**.

November 13, 2006.

A. JOE FISH
CHIEF JUDGE